**CARTER REICH, PC**
106 W. 32nd Street, Suite 123
New York, New York 10001
(917) 615-0978

**Carter A. Reich, Esq.**
*Admitted NY & NJ*
**creich@reich.legal**

May 14, 2025

<u>*Via ECF*</u>
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

  RE: <u>Manus v. Pincione, et al.</u>
     <u>Case No. 23-cv-06149-JGLC</u>

Dear Judge Clarke,

  This office represents the Plaintiff. We are writing in response to the letter submitted by counsel for the Defendant (Dkt. No. 150), informing the Court that Defendant does not intend to comply with Your Honor's sanction ruling (Dkt. No. 135) and, again, asking that the penalty imposed not be due until the conclusion of the case.

  Indeed, Defendant made an identical request on April 8, 2025, and Plaintiff strongly objected. Dkt. Nos. 132, 133. Your Honor denied this request and on April 11, 2025, the Defendant was ordered to pay $24,680.58, to the Plaintiff within 30 days- not at the conclusion of the case.

  Make no mistake, Defendant is blatantly disobeying this Court and he is refusing to pay the sanctions award. To reiterate, Defendant did not claim in his opposition to Plaintiff's fee application that he could not pay the award – he only challenged the amount. Dkt. No. 125. Moreover, the banking records disclosed by the Defendant, which identify multiple other accounts maintained by the Defendant that have not been disclosed, establish that Defendant has money stashed all around the world and spends in excess of $40-50,000/ month on expensive restaurants, vacations and luxury goods. As such, Defendant's counsel's claim that he is unable to pay the award "beyond several thousand dollars that will be tendered shortly"[1], is completely disingenuous and should not be tolerated by the Court. To this end, Plaintiff served discovery demands on the Defendant on March 7, 2025, seeking financial discovery. Defendant's responses to these demands are overdue.

---

[1] The Court previously froze the remaining $9,643 of sale proceeds in Defendant's possession from the improper and unauthorized sale of Plaintiff's Ring. These funds should remain frozen and not be used to pay any part of the sanction penalty. Moreover, Defendant should provide proof that these funds have actually been set aside and maintained.

**CARTER REICH, PC**

      For these reasons, Defendant's request should be denied again. Defendant should be held in contempt until he has paid the sanction penalty and additional coercive sanctions should be imposed every day that the penalty remains unpaid. Furthermore, Defendant should be compelled to provide responses to Plaintiff's outstanding discovery demands immediately in addition to such other relief that the Court deems just and proper.

                                          Respectfully submitted,

                                          s/ Carter A. Reich

CAR/car

The Court has received the parties' letters regarding Defendant's alleged inability to comply with this Court's order that he pay $24,680.58 to Plaintiff. ECF Nos. 150, 151. To ascertain the basis for Defendant's claimed financial position, Defendant is instructed to submit further briefing and documentation regarding Defendant's inability to pay. This submission must include Defendant's complete financial records as Plaintiff has requested as support. This brief must be filed by **May 30, 2025**. Any reply by Plaintiff is due by **June 13, 2025**.

SO ORDERED.

*Jessica Clarke*

   JESSICA G. L. CLARKE
    United States District Judge

Dated: May 16, 2025
       New York, New York