# CARTER REICH, PC
**106 W. 32ⁿᵈ Street, Suite 123**
**New York, New York 10001**
**(917) 615-0978**

**Carter A. Reich, Esq.**
*Admitted NY & NJ*
**creich@reich.legal**

May 13, 2026

***Via ECF***
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

      **RE:**    **<u>Manus v. Pincione, et al.</u>**
                 **Case No. 23-cv-06149-JGLC**

Dear Judge Clarke,

      This office represents the Plaintiff. I am writing to provide context for the parties' request to extend the deadline for fact discovery, and to seek an order compelling Defendant Belperron to provide outstanding discovery, in addition to such further relief that the Court deems just and equitable.

      As per the Fourth Amended Case Management Order (Doc. No. 176), all parties were to respond to updated discovery demands as to new allegations and defendants by on or about April 1, 2026.  On April 3, 2026, the undersigned wrote to counsel for Defendants and stated that while Plaintiff did not anticipate producing any additional documents, more time was needed to respond to interrogatories.  As such, the undersigned proposed that all parties exchange responses by April 20, 2026, which would still leave sufficient time to complete fact discovery by May 15, 2026.  The Defendants agreed.

      On April 20, 2026, Plaintiff served her discovery responses and interrogatory answers.  The Pincione Defendants served their responses on April 22, 2026. On April 23, 2026, counsel for Belperron indicated they were still working on responses and promised them "by the middle of next week".  On April 30, 2026, counsel for Belperron, citing medical issues, promised "to make every effort to get you our responses by next week".  On May 5, 2026, the undersigned wrote to counsel for Belperron and demanded responses by the end of the week to avoid judicial intervention. The undersigned also suggested that the end date for fact discovery be extended considering Belperron's non-compliance. On May 6, 2026, counsel for Belperron promised responses by that Friday (May 8) and consented to extending the deadline for fact discovery.

      Once again, Belperron failed to provide discovery as promised and on May 11, 2026, the undersigned spoke to counsel for Belperron who indicated that his client was out of the country,

## CARTER REICH, PC

needed to review their responses before serving them, and that their responses would be served no later than May 12, 2026.  Counsel for Belperron also offered to write to the Court to request an extension of the deadline for fact discovery. Doc. No. 180.  This joint letter was not circulated to counsel before it was filed.

During the May 11, conversation with Belperron's counsel, they indicated that they would not be disclosing certain relevant information demanded by Plaintiff- namely, the identity of the purchaser / current possessor of Plaintiff's ring and the details of that transaction, claiming that this information constitutes a "trade secret" and that disclosure could damage Belperron's reputation. Of course, Belperron did not timely object to Plaintiff's demands on these grounds and, to date, Plaintiff has not received any responses from Belperron whatsoever despite multiple promises to provide responses without objection.  Clearly, Belperron never intended to respond in good faith to Plaintiff's demands, justifying the relief sought by Plaintiff.[1]

The information demanded by Plaintiff is material and relevant to Plaintiff's claims against Belperron seeking a judgment declaring that Plaintiff is the rightful owner of the ring, as well as her claims for replevin and conversion. This information also goes to the issue of damages. Thus, the identity of the purchaser / current possessor of the ring, and the details of that transaction, is clearly discoverable and Belperron should be compelled to provide this information forthwith.

As such, Plaintiff respectfully requests that an order be issued compelling Belperron to provide this outstanding discovery in addition to such other relief that the Court deems just and equitable. Furthermore, Plaintiff requests that this issue be resolved before the parties submit a new proposed case management order.

Thank you for your attention to this matter.

Respectfully submitted,

Ben Kinzler, Esq. (via ECF)
cc:     Scott Epstein, Esq. (via ECF)                    s/ Carter A. Reich

The Applications at ECF Nos. 182 and 183 are DENIED. The parties are directed to confer and submit a joint proposed Fifth Amended Civil Case Management Plan and Scheduling Order ("CMP") no later than May 15, 2026-- adjourned from the previous deadline of May 13, 2026 (ECF No. 181). Any future discovery disputes submitted to the Court must follow Rule 4(k) of the Court's Individual Rules and Practices in Civil Cases, which state, *inter alia*, that counsel shall file disputes in the form of a single letter-motion, jointly composed and no longer than 1,750 words. The Clerk of Court is directed to terminate ECF Nos. 182 and 183. SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: May 13, 2026
        White Plains, New York

[1] Belperron has also not responded to the demands served by the Pincione Defendants and should also be compelled to provide these responses.